NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1220

WILLIAM MOORE
VERSUS
FENWICK SEREAL, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and James T. Genovese, Judges.

APPEAL DISMISSED. APPEAL CONVERTED
INTO APPLICATION FOR SUPERVISORY WRIT.
WRIT GRANTED AND MADE PEREMPTORY.

William Moore
New Iberia Parish Jail
3618 Broken Arrow Road
New Iberia, LA 70560
    PRO SE APPELLANT

GENOVESE, Judge.

The plaintiff, William Moore, seeks an appeal from the failure of the Vermilion Parish Clerk of Court to file his pleading titled Petition for Permanent Restraining Order. Further, Mr. Moore seeks an appeal from the failure of the judges of Vermilion Parish to enforce his "permanent restraining order".

The pleading Mr. Moore attempted to file in the lower court indicates he seeks to restrain several persons from contact with him upon his release from jail. Mr. Moore is allegedly incarcerated as a result of a physical altercation with the persons he seeks to restrain from harassing him.

In correspondence sent to Mr. Moore, dated July 13, 2006, a Vermilion Parish deputy clerk indicates that Judge Marilyn Castle determined:

> You are not entitled to file suit at this time. Upon your release, you first establish residency. If you still wish to file at that time, you must file in accordance with [La.Code Civ.P.] art. 3601. You may also need to be interviewed by the Court to see if the claim has any merit at that particular time.

Following receipt of the aforementioned correspondence, Mr. Moore filed a pleading titled Appeal of Lower Court Decision with this court on August 3, 2006. When Mr. Moore initially tried to file his appeal with this court, he was advised by correspondence that he needed an order granting the appeal from the trial court and either get an order granting pauper status or pay the appropriate filing fees.

After receipt of the correspondence from this court, Mr. Moore requested an order granting an appeal and pauper status from the trial court. The trial court's order reads:

> See letter from Clerk. Petition also fails to comply with the requirements of [La.Code Civ. P.] art. 3601. One must be present in

1

the parish and must demonstrate present irreparable harm in order to obtain relief.

This Court grants an appeal of this matter, returnable in accordance with the law.

An order to proceed in forma pauperis was signed on September 12, 2006.

After reviewing the record as submitted, the clerk of this court issued a rule to show cause, on September 22, 2006, why the appeal should not be dismissed as premature for lack of a final appealable judgment. A brief was received from Mr. Moore, although the brief is a recitation of the underlying facts of his incarceration and his general character.

The order signed by the trial court does not constitute a final appealable judgment nor an appealable interlocutory judgment. La.Code Civ.P. art. 2083. Further, the petition Mr. Moore submitted has never been filed with the clerk of the lower court. Therefore, we find that the appeal must be dismissed for lack of entry of a final appealable judgment.

However, in the interest of justice, we convert this matter into an application for supervisory writ. We hereby grant the writ application and remand this matter to the trial court for the filing of the petition by the clerk of the Fifteenth Judicial District Court, Parish of Vermilion.

**APPEAL DISMISSED. APPEAL CONVERTED INTO APPLICATION FOR SUPERVISORY WRIT. WRIT GRANTED AND MADE PEREMPTORY.**